CONDITIONALLY GRANT and Opinion Filed November 24, 2020



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-00696-CV**
_____

**IN RE J&S UTILITIES, LLC, Relator**

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC20-03204A**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Evans
Opinion by Justice Evans

In this mandamus proceeding, relator J&S Utilities, LLC seeks relief from the

trial court's May 29, 2020 Order on Plaintiffs' Summary Motion to Remove Invalid

Lien ("Order") filed by real parties in interest MSV Natitex, LLC ("MSV") and

Natitex, Ltd. ("Natitex"). We conditionally grant relator's petition for writ of

mandamus.

## BACKGROUND

J&S Utilities served as a subcontractor and MSV as the developer/general

contractor on two real estate development projects. Natitex was the owner of one of

the properties. J&S Utilities filed two mechanic's and materialman's liens for

alleged unpaid work for the projects. MSV and Natitex filed a lawsuit seeking to remove the two liens.

On April 9, 2020, MSV and Natitex filed a summary motion to remove the invalid lien and affidavit in support pursuant to Chapter 53 of the Texas Property Code. The summary motion was set for a hearing on May 29, 2020. The notice of hearing provided that the hearing was to take place "via video conference or telephonically." On May 28, 2020, J&S Utilities filed a response to the summary motion. Shortly before the hearing, J&S Utilities was notified that the summary motion would be heard by submission because no timely response had been filed. On May 29, 2020, the trial court entered the Order which noted that "[n]o response to the Motion was filed" and granted the summary motion to remove the liens.

J&S Utilities filed a motion for reconsideration of the Order. At the June 25, 2020 hearing on the motion for reconsideration, the trial court noted that the Dallas County Local Rules require responses to be filed within three business days of the hearing. J&S Utilities argued that even if the response was disregarded under the local rules, it was still allowed under the Texas Property Code to present evidence at a hearing in response to the summary motion. The trial court offered J&S Utilities the option of reimbursing MSV and Natitex for their attorney's fees incurred in preparing the summary motion and motion for reconsideration in exchange for granting the motion to reconsider. J&S Utilities declined. On June 30, 2020, the

trial court denied the motion for reconsideration. This mandamus proceeding then followed.

## ANALYSIS

### A.     Standard of Review

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam). In determining whether relator has an adequate remedy by appeal, we assess the adequacy of an appellate remedy by balancing the benefits of a mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

### B.     Abuse of Discretion

Section 53.160 of the Texas Property Code governs summary motions to remove invalid or unenforceable liens:

(a) In a suit brought to foreclose a lien or to declare a claim or lien invalid or unenforceable, a party objecting to the validity or enforceability of the claim or lien may file a motion to remove the claim or lien. The motion must be verified and state the legal and factual basis for objecting to the validity or enforceability of the claim or lien. The motion may be accompanied by supporting affidavits.

***

(c) *The claimant is not required to file a response*. The claimant and any other party that has appeared in the proceeding must be notified by at least 21 days before the date of the hearing on the motion. A motion may not be heard before the 21st day after the date the claimant answers or appears in the proceeding.

(d) At the hearing on the motion, the burden is on:

(1) the claimant to prove that the notice of claim and affidavit of lien were furnished to the owner and original contractor as required by this chapter; and

(2) the movant to establish that the lien should be removed for any other ground authorized by this section.

TEX. PROP. CODE § 53.160 (emphasis added). The statute explicitly states that the claimant is not required to file a response to the summary motion. *See id.* § 53.160(c). In addition, the statute authorizes the claimant to prove certain facts at the hearing, which could only occur at an evidentiary hearing and without regard to whether the claimant filed a response. *See id.* § 53.160(d)(1). The statute does not contain any indication that claimant forfeits its right to an evidentiary hearing by electing not to file a response.

In this case, J&S Utilities filed a response to the summary motion the day before the hearing which failed to comply with Dallas County Local Rule 2.09:

–4–

> Except in case of emergency, briefs, responses and replies relating to a motion (other than for summary judgment) set for hearing must be served and filed with the Clerk of the Court no later than three working days before the scheduled hearing.

Dallas County Civ. Ct. Loc. R. 2.09. J&S Utilities argues that it was entitled to an evidentiary hearing under the Texas Property Code regardless of whether the trial court elected to disregard the late-filed response. We agree. A local civil court procedural rule does not take precedence over the requirements of a state statute. *Global Gen. Constr. Servs., LLC v. Jones*, No. 04-12-00701-CV, 2013 WL 1908388, at \*3 (Tex. App.—San Antonio May 8, 2013, no pet.) (mem. op.) ("Nonetheless, even if the local rules for Travis County courts at law could be construed to allow relaxed evidentiary and procedural rules on appeal from a small claims court, section 28.053 of the Government Code trumps the application of the local rules."); *City of Pasadena, Tex. v. de los Santos,* No. 01-98-00104-CV, 1999 WL 339335, at \*6 (Tex. App.—Houston [1st Dist.] May 27, 1999, pet. denied) (not designated for publication). As stated above, the statute allows for an evidentiary hearing regardless of whether claimant elected to file a response. *See* TEX. PROP. CODE § 53.160(c), (d). Although the trial court may have had the option of disregarding J&S Utilities' response under its local rules, the trial court did not have the right to make a determination on submission and forfeit J&S Utilities' right to an evidentiary hearing. For these reasons, we conclude the trial court abused its discretion by denying J&S Utilities an evidentiary hearing.

**B.    No Adequate Appellate Remedy**

MSV and Natitex argue that J&S Utilities has an adequate remedy at law because it can still pursue its claims at trial and that "Relator's arguments that the Order's temporary removal of Relator's Liens cannot be cured on appeal are the same ones that every claimant could make if a trial court temporarily removed its mechanic's liens." While we agree that the property code does not allow for interlocutory appeals from the court's order on a summary motion, we disagree that J&S Utilities is in the same position as other claimants seeking to appeal the court's order. *See* TEX. PROP. CODE § 53.160(e). Here, J&S Utilities is not challenging the merits of the Order, it is challenging the court's decision to bypass an evidentiary hearing which prevented it from presenting its evidence. As a result, the trial court rendered its decision without an evidentiary hearing that J&S Utilities was entitled to have by statute. *See* TEX. PROP. CODE § 53.160(c), (d). Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *In re V.K.*, 607 S.W.3d 471, 480 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The legislature provided for J&S Utilities' due process rights by the statutory procedure that was enacted, but which the trial court denied to J&S Utilities and which cannot be cured by a subsequent appeal. Mandamus relief, however, will preserve J&S Utilities' statutory right to an evidentiary hearing on the summary motion. The benefits of granting mandamus

relief outweigh the detriments. Accordingly, we conclude J&S Utilities does not have an adequate remedy by appeal.

## CONCLUSION

We hold that J&S Utilities has established that the trial court abused its discretion by refusing to hold an evidentiary hearing on the summary motion and it has no adequate remedy by appeal. We conditionally grant the petition and direct the trial court to vacate its May 29, 2020 Order on Plaintiffs' Summary Motion to Remove Invalid Lien and to hold an evidentiary hearing on the summary motion. The writ will issue only if the trial court fails to act in accordance with this opinion.

/David Evans/
DAVID EVANS
JUSTICE

200696F.P05